## APPEAL TO THE COMMON PLEAS IN A CASE INVOLVING EQUITABLE JURISDICTION.

Circuit Court of Cuyahoga County.

L. S. BING AND SOL. R. BING, PARTNERS, v. THE B. & O. R. R. CO.

Decided, January 22, 1912.

*Appeal from Justice—New Cause of Action—Waiver of Objection.*

1. A justice of the peace having no equitable jurisdiction and plaintiff requiring equitable relief in the reformation of a bill of lading before he can recover, on appeal to the common pleas court, though it would have had jurisdiction of the case had it been brought there originally, that court can not entertain jurisdiction unless the parties consent thereto, or waive said objection.
2. A motion by defendant in such an appealed case that the plaintiff be required to separately state and number his causes of action, is an entry of appearance by the defendant, and waives objection to the jurisdiction of the court.

*Max P. Goodman,* for plaintiff in error.
*J. M.* and *Charles Lessick,* contra.

WINCH, J.; MARVIN, J., and NIMAN, J., concur.

Plaintiffs in error brought suit against the railroad company before a justice of the peace for damages for breach of con-

tract to safely carry goods shipped by plaintiff in care of the railroad company.

Judgment being for the plaintiffs, an appeal to the common pleas court was taken by the defendant, and there it became necessary for the plaintiffs to ask that the bill of lading, or contract between the parties, be reformed so as to show that the plaintiffs were the real consignors of the goods, it reading by mistake, or inadvertance, in the name of some other person.

Not being satisfied with the form of plaintiff's amended petition, the defendant filed a motion to require the plaintiff to separately state and number his causes of action, which motion was granted, and plaintiffs complied with the order of the court, filing another amended petition setting up in one cause of action facts showing that the bill of lading did not express the real contract between the parties and asking its reformation, and another cause of action setting out the facts as to the shipment of the goods, payment of charges and damages to the goods in transit.

This amended petition was stricken off on motion of the defendant on the ground that it set up a different cause of action from that sued upon before the justice of the peace, and one of which the justice did not have jurisdiction.

A justice having no equitable jurisdiction, and the plaintiffs requiring equitable relief in the reformation of the bill of lading before they could recover, the common pleas court, though it would have had jurisdiction of the case had it been brought there originally, could not entertain jurisdiction of the case on appeal, unless the parties consented thereto or waived said objection.

This we think they did, the plaintiffs by filing their petitions in the common pleas court, and the defendant by filing its motion to separately state and number, as will appear from an examination of two cases cited by counsel.

On the case of O'Neal v. Blessing, 34 O. S., 33, the plaintiff had brought suit for damages by trespass to real estate, beyond the jurisdiction of the justice, and the Supreme Court held that the common pleas court could not take appellate jurisdiction of

the action, but that where an appeal was attempted and the plaintiff filed a petition and the defendant, without objecting to the jurisdiction, by motion obtained an order of the court requiring the plaintiff to amend his petition and then demurred to the petition as amended, the defendant thereby entered his appearance as in an original action in the court of common pleas.

It is interesting to read what the court says on the subject on pages 36 and 37 of the opinion, for there it appears that the case turned upon the question whether or not the common pleas court had obtained jurisdiction of the *persons* of the parties, not of the *subject-matter:*

"The subject-matter of the action was one over which the court of common pleas had original jurisdiction; and the parties, either by express consent, or by acts which the law regards as equivalent thereto, could submit themselves personally to its jurisdiction. The question is: Did the parties by their acts give the court of common pleas complete original jurisdiction of the action? We think they did. The filing of his petition in the action, by plaintiff, was an act that was subject to no equivocal construction. It was an appearance on his part. To this petition, and also an amended petition filed by leave of the court, the defendant interposed motions raising questions as to the sufficiency of the petitions respectively.    *    *    *

"By the filing of these petitions respectively, and invoking the rulings of the court thereon, the defendant impliedly waived the issuing and service of process, and submitted his person to the jurisdiction of the court in the action. It was, in legal effect, precisely as if the plaintiff had filed his petition and the defendant had expressly waived process and filed his answer.

"The papers on file in the attempted appeal had no force or validity for any purpose. and were, therefore, properly stricken from the files."

In other words, the service made in the justice court does not hold over and bring the parties, by the appeal, into the common pleas court, as it does in appealable actions, but, if the latter court has original jurisdiction of the subject-matter, and service is there had upon the parties, or is waived by them, its jurisdiction is as complete as if there had been no attempt to sue first before a justice of the peace.

In the case of *Long* v. *Newhouse*, 57 O. S., 348, it was held.:

"In order to enable a defendant to object to the jurisdiction of the court over his person, the objection must be made at the earliest opportunity of the party. If before making such objection, the party appears and makes a motion that the plaintiff be required to attach an account of the items of his claim to his petition, or, that he be required to separately state and number his causes of action, or, that he be required to strike certain matter from his petition, in either of these cases, the party voluntarily submits himself to the jurisdiction of the court, and he can not afterwards be heard to object thereto."

In the light of these cases it seems that the common pleas court's jurisdiction was completed by the defendant's filing its motion requiring the plaintiffs to separately state and number their causes of action, and it was error for the court to thereafter strike the amended petition from the files.

The fact that this was done twice for the same reason, both as to the second amended petition and the third amended petition, makes no difference; the doctrine of *res adjudicata* does not apply to various steps in the same action. The trial judge who struck the third amended petition from the files was not bound to do so simply because it was identical with the second amended petition, which another judge of the same court had stricken off, if the first judge had erred in his ruling. Of course, courtesy between co-ordinate judges and deference as to each other's opinions lead to such results, but there is no law requiring such rulings.

For error in striking the third amended petition from the files, the judgment is reversed and the cause remanded for further proceedings.